UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 23-10196-MWF (JDEx)** **Date: May 8, 2024**
Title: Kutayba Y. Alghanim v. Bassam Y. Alghanim

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION FOR ATTORNEY FEES AND COSTS [47]

Before the Court is a motion to for attorney fees and costs (the "Motion") filed by Petitioner Kutayba Y. Alghanim on March 28, 2023. (Docket No. 47). Respondent Bassam Y. Alghanim filed an Opposition on April 8, 2024. (Docket No. 50). Petitioner filed a Reply on April 15, 2024. (Docket No. 51).

The Motion was noticed to be heard on April 29, 2024. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **GRANTED**. Petitioner is awarded $122,590 in attorneys' fees, $3,262.92 in nontaxable costs, $927,507.45 in prejudgment interest, and $4609.11 in daily post-judgment interest.

## I. BACKGROUND

In its Order Granting Petitioner's Petition to Confirm Foreign Arbitration Award ("Prior Order"), the Court confirmed the foreign arbitration award in the amount of $31,360,254.36 and awarded Petitioner attorney fees and other costs, prejudgment interest, and post-judgment interest. (Docket No. 45 at 4–5). The Court ordered Petitioner to file a motion pursuant to Rule 54(d) to address the amount of the

attorneys' fees and other costs that he seeks. (*Id.* at 5). Petitioner filed this Motion in response.

## II. DISCUSSION

### A. Attorneys' Fees

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," otherwise known as the "lodestar method." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018) (citation omitted). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted).

#### 1. Hourly Rate

"To determine a 'reasonable hourly rate,' the district court should consider: 'experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Defense*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986)). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1224 (9th Cir. 2016) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). "Once a fee applicant presents such evidence, the opposing party 'has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits.'" *Chaudhry*, 751 F.3d at 1110–11 (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 23-10196-MWF (JDEx) Date: May 8, 2024**
Title: Kutayba Y. Alghanim v. Bassam Y. Alghanim

Petitioner is represented by the law firm Boies Schiller Flexner LLP ("BSF"). BSF had four attorneys — Alison Anderson, John Zach, Ben Love, and Jared Lin — and two paralegals — Ashley Hermann and Olivia McKenzie — billed fees to Petitioner. (*See* Declaration of John Zach ("Zach Decl.") (Docket No. 47-1), ¶¶ 3–9). From November 2023 up through April 2024, BSF charged the following rates:

| Counsel | Role | 2024 Rate | 2023 Rate |
|---|---|---|---|
| Alison Anderson | Partner | $1,110 | $1,000 |
| John Zach | Partner | $1,270 | $1,170 |
| Ben Love | Partner | $1,160 | $1,050 |
| Jared Lin | Associate | $670 | $610 |
| Ashley Hermann | Paralegal | $380 | $350 |
| Olivia McKenzie | Paralegal | n/a | $360 |

(*Id.* ¶ 9). According to Mr. Zach's declaration, these rates are within the range of hourly rates charged by attorneys and staff with similar levels of skill, experience, and reputation in the Central District of California. (*Id.*; *see also* Motion at 4 (citing *Yuga Labs, Inc. v. Ripps*, No. CV 22-04355-JFW (JEMx), 2024 WL 489248, at *2–4 (C.D. Cal. Jan. 11, 2024) (holding attorney rates ranging from $1,240 to $1,410 for partners, $640 to $1,185 for associates, and $450 to $500 for paralegals was reasonable); *AECOM Energy & Constr., Inc. v. Topolewski*, No. CV17-5398-RSWL (AGRx), 2022 WL 1469501 (C.D. Cal. May 9, 2022), *aff'd sub nom.*, No. 22-55546, 2023 WL 6058825, at *4 (9th Cir. Sept. 18, 2023) (holding hourly attorney rates of $1,116 for partner and $550 to $876 for associates was reasonable); *OWLink Tech., Inc. v. Cypress Tech. Co.*, No. CV 21-00717-SPG (KESx), 2023 WL 9061081, at *3 (C.D. Cal. Dec. 12, 2023) ("Courts within this district have found rates of $300 to $400 per hour reasonable for experienced paralegals."))).

Upon review of the declaration, the Court determines that these rates are reasonable. Respondent does not challenge the hourly rates in his Opposition.

**2. Hours Billed**

BFP expended 148.1 billable hours from November 2023 up through April 2024. The hours expended by each attorney or paralegal are the following:

| Counsel | Role | 2024 Hours | 2023 Hours |
|---|---|---|---|
| Alison Anderson | Partner | 2.3 | 2.3 |
| John Zach | Partner | 27 | 14.4 |
| Ben Love | Partner | 3.2 | 16.3 |
| Jared Lin | Associate | 25.7 | 40.0 |
| Ashley Hermann | Paralegal | 1.7 | 17.1 |
| Olivia McKenzie | Paralegal | n/a | 0.7 |

(Zach Decl. ¶ 10). Mr. Zach also provided a detailed list of the summary of the work performed by each attorney and paralegal. (Zach Decl., Ex. A (Docket No. 47-2)). Upon review of the invoices, the Court determines that the hours expended are reasonable. Respondent does not challenge the hours Petitioner's counsel has expended in this action.

The Court determines that Petitioner's lodestar of **$122,590** is reasonable and there are not any circumstances that warrant the lodestar to be adjusted.

**B. Costs**

Petitioner seeks $4,365.82 in costs. (Motion at 6). On April 29, 2024, the Clerk of Court granted Petitioner's Application to Tax Costs in the amount of $1,102.90. (Docket No. 53). Petitioner also seeks $3,262.92 in nontaxable costs. (Motion at 7). The costs include computer research costs as well as travel expenses for the hearing on Petitioner's Petition to Confirm Foreign Arbitration Award. (Zach Decl., Ex. B (Docket No. 47-3)). Respondent does not challenge the nontaxable costs.

Accordingly, the Court awards Petitioner **$3,262.92** in nontaxable costs.

**C. Prejudgment and Post-Judgment Interest**

In the Prior Order, the Court awarded both post-award, pre-judgment interest and post-judgment interest at the rate sent under 28 U.S.C. § 1961. (Prior Order at 4–5). The parties agree that pre-judgment interest will stop and post-judgment interest will start accruing when the Court enters final judgment. (Opposition at 3; Reply at 2). However, Respondent challenges the foreign arbitration award by arguing that the principal of the award has already been partially satisfied because Petitioner owes Respondent $3.95 million. (Opposition at 6–11). The Court interprets Respondent's argument as an attempt to relitigate the arbitration award which this Court confirmed in the Prior Order. The Court accordingly rejects this untimely argument as this is a "motion pursuant to Rule 54(d) to address the amount of the attorneys' fees and other costs." (Prior Order at 5).

The applicable interest rate is "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment." 28 U.S.C. § 1961(a). For the week of preceding the date of judgment (i.e., the week of May 3, 2024), the rate was 5.19%. *See* Board of Governors of the Federal Reserve System, https://www.federalreserve.gov/releases/h15/.

The Court awarded prejudgment interest from October 12, 2023, to the date of judgment. (Prior Order at 4). Accordingly, the Court awards Petitioner **$927,507.45**, which is calculated by multiplying the amount owed under the Seventh Award ($31,360,254.36) by the marginal daily interest rate (calculated by dividing the annual interest rate of 5.19% by 365), and then multiplying that product by the number of days for which pre-judgment interest accrued (208 days).

Turning to post-judgment interest, the Court awarded interest on the entire amount of the judgment, including any prejudgment interest. (*Id.* at 5). Accordingly, the Court awards Petitioner daily post-judgment interest payments of **$4609.11**, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 23-10196-MWF (JDEx) Date: May 8, 2024**
Title: Kutayba Y. Alghanim v. Bassam Y. Alghanim

is calculated by multiplying "the entire amount of the judgment" (the amount owed under the Seventh Award ($31,360,254.36) plus the amount owed as pre-judgment interest ($927,507.45) plus attorneys' fees ($122,590) plus costs ($4,365.82)) by the marginal daily interest rate.

Accordingly, the Motion is **GRANTED**. Petitioner is awarded $122,590 in attorneys' fees, $3,262.92 in nontaxable costs, $927,507.45 in prejudgment interest, and $4609.11 in daily post-judgment interest.

A separate judgment will issue.

IT IS SO ORDERED.